# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0400** (Berkeley County 11-F-54 & 11-M-4)

**Ralph Mason Jr.,**
**Defendant Below, Petitioner**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Matthew L. Harvey, arises from the Circuit Court of Berkeley County, wherein he was sentenced to an aggregate term of thirty months in jail following his conviction, by jury, for one count of brandishing a deadly weapon, one count of assault of a government representative, and one count of obstructing a law enforcement officer. Petitioner was resentenced by order entered on February 23, 2012. The State, by counsel Cheryl K. Saville, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2011, petitioner was convicted by a jury of one count of brandishing a deadly weapon, one count of assault of a government representative, and one count of obstructing a law enforcement officer. Thereafter, petitioner was sentenced to an aggregate term of thirty months in jail, which was suspended in lieu of five years of probation. In February of 2012, petitioner was resentenced to allow him to file this appeal.

On appeal, petitioner alleges that the circuit court erred in denying his motions for judgment of acquittal at the close of the State's case-in-chief and at the conclusion of all the evidence, and in denying his motion for a new trial. In support, petitioner argues that the evidence below was insufficient to support his convictions because the State failed to establish multiple elements of the various crimes. Petitioner also argues that the circuit court erred in failing to instruct the jury as to the valid defense of resisting an unlawful arrest. In response, the State argues that there was an abundance of evidence introduced at trial to support the jury's verdicts. According to the State, the evidence showed that petitioner used a chainsaw to breach the peace while threatening to kill a West Virginia State Trooper and his family. Further, other law enforcement officers testified to petitioner's arrest, during which he committed the offense of

1

assault of a government representative by threatening to kill one officer and moving towards him aggressively. Lastly, the State argues that there was ample evidence in support of the obstruction charge related to petitioner's refusal to comply with multiple directions from law enforcement officials.

We have held that

"[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996). Upon our review, the Court finds that the evidence was sufficient to support petitioner's conviction for the multiple crimes below.

The evidence established that petitioner was revving a chainsaw and threatening to kill Mr. Gilmore and his child. This obviously constitutes a breach of the peace and the evidence is sufficient to support that element, petitioner's acquittal for assault arising out of this same action notwithstanding. The fact that petitioner alleges that the act which formed the basis of the brandishing charge was "between petitioner and Matthew Gilmore" does not render his actions lawful. Further, the evidence established that law enforcement arrived on the scene with lights and sirens engaged and the officers entered the woods in pursuit of petitioner in full uniform. As such, the Court finds that the jury had sufficient evidence upon which to find that petitioner knew that the individuals were government representatives. Additionally, petitioner has misstated the necessary elements for the crime of obstructing. However, the evidence established that petitioner forcibly refused to comply with multiple directions from law enforcement during their attempts to arrest petitioner. For these reasons, the evidence below was sufficient to support petitioner's convictions.

In regard to petitioner's assignment of error regarding the circuit court's refusal to give a requested jury instruction, we have previously held that,

"[a]s a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*." Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996).

Syl. Pt. 11, *Bailey v. Norfolk and Western Ry. Co.*, 206 W.Va. 654, 527 S.E.2d 516 (1999). Based upon the evidence at trial, it is clear that petitioner was being lawfully arrested. As such, the circuit court did not abuse its discretion in denying him an instruction as to the defense of resisting an unlawful arrest.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II